RACELAND BANKING ASSN., Appellant, v. JOHANSON

---

(March 15, 1926. Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 625, 630.**

When the judgment of the trial court appears to this court manifestly erroneous it will be reversed.

Appeal from the Twenty-eighth Judicial District Court, for the Parish of Jefferson. Hon. Prentice E. Edrington, Judge.

Action by The Raceland Banking Association against John Johanson for the collection of promissory notes. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Milling, Godchaux, Saal and Milling, of New Orleans, attorneys for plaintiff, appellant.

L. Robert Rivarde, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit on nine promissory notes.

The plaintiff alleged that it is the holder and owner of nine promissory notes amounting in all to $520 with ten per cent attorney's fees in case of suit to enforce payment of the same; that all of said notes were made by John Johanson to the order of and by himself endorsed and also endorsed by the firm of Alexander and Finney, composed of Charles E. Alexander and Winfield Harold Finney; that said notes were given in payment of an automobile and are paraphed for identification with the act of sale thereof. The defendant Johanson, admitted all the allegations of the petition except that of indebtedness. He averred that the price of the automobile was $1100; that he paid $580 cash leaving a balance due of $520; that said balance has become extinguished by the fact that in the month of November, 1921, his wife was informed that the plaintiff would accept the automobile in full payment of the notes; that accordingly defendant's wife turned the automobile over to the endorser and co-defendant Finney, who, in turn, delivered it to plaintiff, at Raceland, who accepted the car and still has possession of the same.

The two defendants, Alexander and Finney, aver that the plaintiff made demand upon them "for the payment of the balance due on the purchase price of a certain automobile or the delivery to plaintiff of the automobile, and accordingly your respondents, acting under the instructions and orders of the plaintiff herein, delivered the said automobile to plaintiff who now has the said automobile in its possession. All three defendants pray that the above transactions be considered as a payment of the note and that they be discharged.

The district judge was of the opinion that "the action of the plaintiff in accept-

ing the said automobile from the defendants led them to believe that the plaintiff bank would accept the automobile on payment of the notes sued upon, or that it would dispose of the automobile at the time it came in possession of the same, and in that way apply whatever was realized from the proceeds of sale of the automobile to the payment of the notes", that at the time it was received by the bank it was worth $550 and that plaintiff made no great effort to dispose of it, but retained same in its possession for several months, thereby greatly depreciating the value of the car, and making it impossible to realize anything out of the sale of the car at this time. There was judgment for defendants, dismissing plaintiffs' suit "as of non-suit".

The plaintiff has appealed.

There is not a particle of evidence in the record to establish the defense that at any time the plaintiff agreed to take the automobile in payment of the notes, or that the plaintiff undertook to hold and sell the automobile and take the proceeds of sale in payment of them. On the contrary Simon Kahn, the cashier of plaintiff bank swears positively that there was no such agreement.

Nor is there any evidence that the bank detained the automobile with authority to sell it at any stated price.

The evidence on the contrary is that the cashier of plaintiff said to Alexander that he had a prospective buyer for the car and asked him to bring it out; that Alexander sent the car to the bank by a yard man, who did not wait to take the car back, but who under instructions from Alexander went back on the train. This testimony is not denied by Alexander who did not even testify in the case. Kahn further testified that his buyer offered $400 for the car which defendants refused to take. It further appears that the bank offered to take the car, in part payment at a price of $400 which was refused. The owner of the car wanted $600 for it. The evidence also is that the defendants never obtained the consent of defendant Johanson to sell at any price.

During all the time that the automobile remained in the possession of the plaintiff, it was trying to sell it, but could find no buyer. Finney himself testifies: "I tried my best to sell it, but couldn't find a buyer for it". During all that time negotiations were going on between the plaintiff and the defendants with a view of an amicable settlement. It failed. The plaintiff did not hold possession of the car against the wishes of the defendants. They all knew the bank had it. They could have sold the car just as well as the bank, if they had found a purchaser. If the car remained in garage for so long a time it was more defendants' fault than plaintiff's, for it had found a purchaser for a price at which the owner of the car refused to sell. All these facts are sustained by the testimony and numerous letters which it would serve no purpose to reproduce.

With these views of the case we conclude that the judgment is manifestly wrong, and it is therefore reversed.

It is now ordered that there be judgment condemning the defendants John Johanson, Charles E. Alexander, and Winfield Harold Finney, jointly and in solido, to pay to the plaintiff herein, the Raceland Banking Association, the sum of Five Hundred and Twenty Dollars with eight per cent per annum interest from September 4, 1921, till paid, together with ten per cent attorney's fees on the capital and interest of said sum, with mortgage and vendor's privilege on the automobile described in the petition herein and all costs of both courts.